Justice THOMAS, dissenting.
I join Part I of THE CHIEF JUSTICE's dissent, which says all the Court needed to say to resolve this case. I write separately to express my concern about the Court's eagerness to reach beyond the bounds of the present dispute to create a timing requirement that finds no support in the text or structure of the statute. We have been unwilling to impose procedural requirements on federal agencies in the absence of statutory command, even while *824 recognizing that an agency's failure to make its decisions known at the time it acts may burden regulated parties. See, e.g., Pension Benefit Guaranty Corporation v. LTV Corp.,496 U.S. 633, 653-655, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990). When a State vests its municipalities with authority to exercise a core state power, those municipalities deserve at least as much respect as a federal agency. But today, the majority treats them as less than conscripts in "the national bureaucratic army," FERC v. Mississippi,456 U.S. 742, 775, 102 S.Ct. 2126, 72 L.Ed.2d 532 (1982)(O'Connor, J., concurring in part and dissenting in part). I respectfully dissent.